IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTH CENTRAL REGIONAL
MEDICAL CENTER                                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 2:12CV103-KS-MTP

PRESS GANEY ASSOCIATES, INC.                                                          DEFENDANTS

**MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STAY THE CASE**

Press Ganey Associates, Inc. ("Press Ganey") by and through counsel and pursuant to Rule 12(b)(1) and 12(b)(6), Fed.R.Civ.P., moves the Court to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, or in the alternative for a stay of these proceedings. As grounds Press Ganey would show as follows:

1. Plaintiff South Central Regional Medical Center ("South Central") filed its Complaint against Press Ganey to recover an alleged loss of Medicare Part A reimbursement under the Hospital Consumer Assessment of Healthcare Providers and Systems ("HCAHPS"). (*See* Pub. L. No. 108-173, § 501; Pub. L. No. 109-171, § 5001.) South Central's claims are based on an alleged breach of contract between South Central and Press Ganey involving the Medicare reimbursement.

2. This Court lacks subject matter jurisdiction over South Central's claims against Press Ganey for the alleged loss of Medicare Part A reimbursement because Press Ganey failed to allege in the Complaint or otherwise establish that it has exhausted a specific administrative review process required under 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835; 42 U.S.C. § 1395oo(f)(1); and 42 C.F.R. § 405.1877. On the face of the Complaint, Press Ganey has admitted that it failed to exhaust

1

this required administrative remedy. Complaint [Doc. 1, Ex. B], ¶ 10.

3. The Secretary of Health and Human Services has primary jurisdiction over all matters involving Medicare Part A reimbursement. 42 U.S.C. § 1395oo. Because South Central's claim is based on receipt of Medicare Part A reimbursement, the claim falls within the exclusive jurisdiction of the Provider Reimbursement Review Board ("PRRB"), 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835. As such, South Central must allege and actually establish that it has exhausted the prescribed statutory and administrative remedies before seeking any relief in this Court. On the face of the Complaint, South Central admits that it has failed to do so. Complaint [Doc. 1, Ex. B], ¶ 10.

4. This Court further lacks subject matter jurisdiction based upon South Central's actual failure to exhaust the required administrative remedies for any Medicare Part A reimbursement under 42 U.S.C. § 1395ii and 42 U.S.C. §405(h).

5. South Central's allegations based upon breach of contract are inseparably intertwined with its claim for Medicare reimbursement. Because South Central has failed to allege and establish that it exhausted the administrative remedies set out in the Social Security Act, it cannot meet the standard for establishing a claim for damages. Therefore, there are no circumstances under which South Central can allege that it has suffered any monetary damage in the form of lost Medicare reimbursement for which it can seek a remedy in this Court. As such, South Central has failed to state a claim upon which relief can be granted in this Court and the Complaint should be dismissed.

6. In the alternative, because the PRRB, a component of the Department of Health and Human Services, has primary jurisdiction over South Central's Medicare Part A reimbursement claim, and because South Central has failed to allege and establish that it exhausted its administrative remedies, this Court should suspend and stay these proceedings pending South Central's exhaustion

of its administrative remedies afforded by the Social Security Act and the Secretary's Medicare Part A Hearing Regulations. *See* 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835; *see also* 72 Fed. Reg. 47130; 47365 (Aug. 22, 2007); 42 U.S.C. § 135oo(f).

WHEREFORE, PREMISES CONSIDERED, Press Ganey moves the Court to dismiss the Complaint or, in the alternative, to stay these proceedings.

This the 11th day of July, 2012.

                                                      Respectfully submitted,

                                                      PRESS GANEY ASSOCIATES, INC.

                                                    /s/Edward J. Currie, Jr.
By:   Edward J. Currie, Jr. (MSB #5546)
        William H. Creel, Jr. (MSB #8673)
        Joseph W. Gill (MSB #102606)

OF COUNSEL:

Currie Johnson Griffin Gaines & Myers, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Facsimile: (601) 969-5120

## CERTIFICATE OF SERVICE

I, Edward J. Currie, Jr., do hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system for provision of notification and a copy of the referenced document to the following counsel of record in this case:

>James W. Shelson, Esq.
>Frank W. Trapp, Esq.
>Phelps Dunbar, LLP
>4270 I-55 North
>Jackson, MS 39211-6391
>P.O. Box 16114
>Jackson, MS 39236-6114

>W. Dal Williamson, Esq.
>Williamson & Thompson, PLLC
>404 Short 7th Ave.
>P.O. Box 6509
>Laurel, MS 39441

THIS, the 11th day of July, 2012.

>/s/Edward J. Currie, Jr.
>Edward J. Currie, Jr.